**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| CHRISTOPHER SCRUGGS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | 1:11-cv-1666-WTL-DML |
| ) | |
| PENDLETON CORRECTION ) | |
| SUPERINTENDENT, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

For the reasons explained in this Entry, the petition of Christopher Scruggs for a writ of habeas corpus must be denied and the action dismissed with prejudice. In addition, the court finds that a certificate of appealability should not issue.

**I. Petition for Writ of Habeas Corpus**

**Background**

Scruggs was convicted in an Indiana state court in 2007 for possession of cocaine within 1000 feet of a family housing complex, possession of cocaine and a firearm, and possession of marijuana. He was sentenced to an aggregate term of 40 years for these offenses and is now serving that term.

Scruggs filed a direct appeal, challenging the trial court's rulings permitting the introduction of certain evidence and also challenging the sufficiency of the evidence concerning his conviction for possession of cocaine within 1000 feet of a family housing complex. These arguments were rejected by the Indiana Court of Appeals. Appeals, *Scruggs v. State*, No. 49A04-0712-CR-703 (Ind. Ct. App. July 24, 2008). Scruggs filed a petition to transfer challenging the warrantless search of two chairs in the motel room which were searched incident to the arrest of two females. His petition to transfer was denied on October 15, 2008.

Scruggs then filed a petition for postconviction relief on June 2, 2009. After various proceedings in both the trial court and the Indiana Court of Appeals, the action for postconviction relief was dismissed on procedural grounds. *Scruggs v. State*, Cause No. 49A02-1009-PC-01115 (Ind. Ct. App. March 17, 2011). Scruggs' subsequent efforts to reinstate that appeal or review its dismissal were rejected.

The filing of this action followed. Scruggs asserts both a Fourth Amendment claim concerning the introduction of evidence at his trial and a medley of other claims which for procedural reasons need not be enumerated. Scruggs' custodian has opposed the petition on behalf of the State of Indiana and Scruggs has replied.

## Discussion

Scruggs seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a). A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." *Id.*

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). Scruggs encounters two such hurdles in this case—one pertaining to his fourth amendment claim and one pertaining to his other claims.

*Improper Admission of Evidence (Fourth Amendment Violation).* Scruggs' first habeas claim is that the trial court erred by admitting into evidence items seized in violation of the Fourth Amendment.

In *Stone v. Powell,* 428 U.S. 465 (1976), the Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Id.* at 495; *see Cabrera v. Hensley,* 324 F.3d 527, 530 (7th Cir. 2003) (quoting *Stone* at 494). *Stone's* rationale is based on the minimal police deterrence effect that would result from applying the exclusionary rule to habeas proceedings. *See Hampton v. Wyant,* 296 F.3d 560, 562-64 (7th Cir. 2002).

An accused receives a "full and fair opportunity" to litigate his claim if: (1) he has clearly informed the state court of the factual basis for his claim and has argued that those facts constitute a violation of his Fourth Amendment rights, and (2) the state court has carefully and thoroughly analyzed the facts, and (3) applied the proper constitutional case law to the facts. *Weber v. Murphy,* 15 F.3d 691, 694 (7th Cir. 1994).

Scruggs knew that the State intended to use items found in or under two chairs searched incident to the arrest of Alicia Dismore on April 11, 2007, and found thereafter pursuant to a search warrant which had been issued for the motel room in which Scruggs and Dismore, among others, had been found. Scruggs filed a motion to suppress those items. The trial court conducted a hearing on the motion to suppress and thereafter denied such motion.

The Indiana Court of Appeals concluded that there was no infirmity under Indiana law in the search warrant which had been sought and which was then issued. *Scruggs v. State*, No. 49A04-0712-CR-703 (Ind. Ct. App. July 24, 2008), at pp. 5-7. The Indiana Court of Appeals also considered the circumstances surrounding the arrests inside the motel room and concluded there was no infirmity in those searches. *Id.*, at pp. 7-8. Specifically, the Indiana Court of Appeals found that these circumstances did not lead it to conclude that the arresting officer had manipulated the location of the arrests or the handling of those under arrest in such a manner as to expand the area which could then be searched incident to the arrests. *Id.*

There is no indication that the Indiana courts were "careless" in their assessment of the Fourth Amendment claims, and it has been explained that the "full and fair opportunity" guarantees the right to present one's case, but it does not guarantee a correct result. *Cabrera v. Hensley,* 324 F.3d 527, 532 (7th Cir. 2003).

Scruggs had a full and fair opportunity to litigate this Fourth Amendment claims at trial and in his direct appeal. The claims are now unavailable for review in federal habeas.

*Remaining Claims.* As to Scruggs' remaining claims, none were included in his direct appeal and these claims were thus necessarily presented, if at all, in the petition for post-conviction relief.

As to these remaining claims and as described previously, Scruggs failed to properly present them to the Indiana courts, including by seeking discretionary review to the Indiana Supreme Court after having properly presented them up to that point, and thus he encounters the hurdle of procedural default. "It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas. Claims not so raised are considered defaulted." *Breard v. Greene,* 523 U.S. 371, 375 (1998) (citing *Wainwright v. Sykes,* 433 U.S. 72 (1977)). Procedural default "occurs when a claim could have been but was not presented to the state court and cannot, at the time that the federal court reviews the habeas petition, be presented to the state court." *Resnover v. Pearson,* 965 F.2d 1453, 1458 (7th Cir. 1992), *cert. denied,* 508 U.S. 962 (1993). The independent and adequate state ground doctrine "applies to bar federal habeas when a state court declined to address a prisoner's federal claims *because*

*the prisoner had failed to meet a state procedural requirement."* Coleman v. Thompson, 501 U.S. 722, 729-30 (1991) (emphasis added).

Scruggs failed to perfect his appeal from the denial of postconviction relief. In addition, he failed to seek transfer to the Indiana Supreme Court of what are described in this entry as the remaining claims. Each of these shortcomings constitutes his procedural default. Scruggs has not shown the presence of circumstances permitting him to overcome these defaults, and hence the court is not permitted to reach the merits of the remaining claims.

## Conclusion

This court has carefully reviewed the state record in light of Scruggs' claims and has given such consideration to those claims as the limited scope of its review in a habeas corpus proceeding permits. "A defendant whose position depends on anything other than a straightforward application of established rules cannot obtain a writ of habeas corpus." *Liegakos v. Cooke,* 106 F.3d 1381, 1388 (7th Cir. 1997). No such established rules entitle Scruggs to relief in this case. Scruggs' petition for writ of habeas corpus is therefore denied.

Judgment consistent with this Entry shall now issue.

## II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2254* proceedings, and 28 U.S.C. § 2253(c), the court finds that Scruggs has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling[s]." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore denies a certificate of appealability.

**IT IS SO ORDERED.**

Date: 05/02/2012

*[signature: William T. Lawrence]*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Christopher Scruggs
No. 957096
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, IN 46064

All Electronically Registered Counsel